UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bobby Dean Shannon, | ) C/A No. 0:07-4008-HFF-BM |
|                   Petitioner, | ) |
| v. | ) |
| | ) **Report and Recommendation** |
| Warden of Lieber Correctional Institution, | ) |
|                   Respondent. | ) |

The Petitioner, Bobby Dean Shannon, proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2254 for habeas relief. Petitioner is a state prisoner at the Lieber Correctional Institution.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition pursuant to the Rules Governing Section 2254 Cases in the United States District Courts, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), other habeas corpus statutes, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville,* 712 F.2d 70 (4th Cir. 1983). As Petitioner is a *pro se* litigant, his pleadings are accorded liberal construction. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). Even under this less stringent standard, however, this *pro se* Petition is still subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a



clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Department of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background

Petitioner brings this § 2254 habeas action challenging an October 27, 1999 conviction for Incest, Criminal Sexual Conduct with a Minor (2nd Degree), Lewd Act Upon a Minor, and Contributing to the Delinquency of a Minor. Petitioner indicates he entered a guilty plea and was sentenced to seventeen (17) years in prison. Petitioner states that, "due to the ineffective assistance of state appointed counsel", no direct appeal was filed. Petitioner further indicates that he prepared an Application for Post-Conviction Relief (APCR), but decided not to file an APCR upon learning that the statute of limitations had run. Petitioner admits that he has not exhausted state remedies for the grounds raised in the Petition.

## Discussion

The Petition for a writ of habeas corpus in the above-captioned case should be dismissed because the Petitioner has not exhausted his state remedies. The requirement that state remedies must be exhausted before filing a federal habeas corpus action is found in the statute, 28 U.S.C. § 2254(b)(1), which provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State." The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).



The United States Court of Appeals for the Fourth Circuit has held that "a federal habeas court may consider only those issues which have been 'fairly presented' to the state courts."  *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997), The *Matthews* court further instructs that "[t]o satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court.  The burden of proving that a claim has been exhausted lies with the petitioner." *Id.*(citations omitted).  Petitioner states that his habeas issues have not been "presented before any state court and or other court."  Thus, Petitioner has not yet received a decision from the state's highest court on his challenged convictions, and, thus, has not met the burden of proving exhaustion of his state remedies.

For many years, the Supreme Court of South Carolina has allowed a prisoner who is deprived of a direct appeal to receive a belated appellate review if a post-conviction court correctly finds that the deprivation of the appeal was based on an attorney's failure to preserve the prisoner's right to an appeal. *See*, *e.g.*, *Sumpter v. State*, 439 S.E.2d 842 (S.C. 1994); *White v. State*, 208 S.E.2d 35 (S.C. 1974).  Since Petitioner makes this claim, this is a possible avenue of relief for him.  Regardless, however, since Petitioner has failed to exhaust his state remedies, the United States District Court for the District of South Carolina should not keep this case on its docket. *See Galloway v. Stephenson*, 510 F. Supp. 840, 846 (M.D.N.C. 1981) ("When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition."). Therefore, Petitioner's Petition for habeas relief should be dismissed

3



Recommendation

Accordingly, it is recommended that the Petition for a writ of habeas corpus in the above-captioned case be dismissed *without prejudice* and without issuance and service of process upon the Respondent. *See Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) (a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.1970)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return). *Cf.* the Anti-Terrorism and Effective Death Penalty Act of 1996.

Petitioner's attention is directed to the important notice on the next page.

Respectfully submitted,

Bristow Marchant
United States Magistrate Judge

January 2, 2008
Columbia, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

